## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| TANESHA R. HOLDER, | Case No. 18-CV-1395 (DWF/SER) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| WARDEN BARNES, | |
| Respondent. | |

Petitioner Tanesha R. Holder filed a petition for a writ of habeas corpus seeking to invalidate her sentence. The petition is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]  Based on that review, this Court concludes that it lacks jurisdiction over the petition and recommends dismissal on that basis.

In 2008, Holder pleaded guilty to conspiracy to distribute cocaine base in the United States District Court for the Northern District of Iowa and was sentenced to a 300-month term of imprisonment. *See United States v. Holder*, No. 3:07-CR-0623-5 (JAJ/TJS) (S.D. Iowa).  Holder did not file a direct appeal, but she challenged her sentence pursuant to 28 U.S.C. § 2255 on the grounds that *DePierre v. United States*, 564 U.S. 70 (2011), called into question the validity of her conviction. *See Holder v. United States*, No. 4:12-CV-0247 (JAJ) (S.D. Iowa).  The § 2255 motion was summarily denied on the merits.

---

[1] Although Holder's petition is not brought pursuant to 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases may nevertheless be applied. *See* Rule 1(b).

1

Holder — who is currently incarcerated at the Federal Correctional Institution in Waseca, Minnesota — now seeks habeas corpus relief from her sentence. The claim (or claims) she intends to present for habeas corpus relief are not clear; the only ground for relief explicitly stated in the petition is that she has been denied due process. *See* Petition at 7 [ECF No. 1]. Elsewhere in the petition, though, Holder states that she intends to "test the legality of [her] sentence because of changes to career offender sentencing laws." Petition at 2. And more recently, Holder requested (and was denied) authorization to present a second or successive petition under 28 U.S.C. § 2255 presenting claims based on *Mathis v. United States*, 136 S. Ct. 2243 (2016), and related cases. *See In re Holder*, No. 17-2097 (8th Cir. judgment Aug. 31, 2017). This Court therefore assumes that Holder intends to challenge her sentence in this habeas corpus proceeding based on claims premised in *Mathis* and its progeny.

Holder's petition is, by her own admission, a direct challenge to the legality of her sentence. *See* Petition at 2. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to her original conviction or sentence brought in a habeas petition, unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of her detention. *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus [on] behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also

appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam).  The "inadequate or ineffective remedy" exception is often referred to as the "savings clause." *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).

Neither the Supreme Court nor the Eighth Circuit Court of Appeals has set forth the exact contours of the savings clause.  It is clear, however, that the savings clause applies very narrowly.  For example, "[i]t is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Abdullah*, 392 F.3d at 959.  Thus, it is not enough to show that a motion under § 2255 would be untimely, or that the motion is barred as "second or successive." *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (collecting cases).  At a minimum, the petitioner seeking to invoke the savings clause must show that she "had no earlier procedural opportunity to present his claims." *Abdullah*, 392 F.3d at 963; *accord United States v. Barrett*, 178 F.3d 34, 52 (1st Cir. 1999) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255.").

Holder cannot meet this high bar.  Assuming that Holder is in fact relying on *Mathis* and related cases in her petition, *Mathis* is not a new rule of law, and Holder therefore could have relied upon the principles underlying that case previously. *See e.g.*, *Washington v. United States*, 868 F.3d 64, 66 (2d Cir. 2017) (noting that *Mathis* "did not reflect a new rule"); *United States v. Taylor*, 672 Fed. App'x 860, 864 (10th Cir. 2016)

("Thus, *Mathis* did not announce a new rule. And courts applying *Mathis* have consistently reached the same conclusion."); *Jones v. United States*, No. 17-CV-1599 (WMW/KMM), 2018 WL 2392204, at *3 (D. Minn. Apr. 2, 2018); *Rodolfo v. Bell*, No. 17-CV-3066 (DWF/TNL), 2018 WL 734047, at *4 (Jan. 10, 2018) (collecting cases); *Blake v. United States*, No. 17-cv-1108 (PJS/DTS), 2017 WL 2655098, at *1 (D. Minn. June 20, 2017) ("*Mathis*, however, does not represent a change in law."). And because Holder could have relied upon the principles underlying *Mathis* previously, she cannot seek habeas corpus relief from her sentence on the basis of *Mathis*. *See Barrett*, 178 F.3d at 52.

Holder has not justified her invocation of the savings clause. The Court therefore lacks jurisdiction over Holder's habeas corpus petition. *See* 28 U.S.C. § 2255(e). Accordingly, it is recommended that this matter be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that this matter be DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION.

Dated: June 20, 2018                          s/ *Steven E. Rau*
                                              Steven E. Rau
                                              U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).